Order reversed, with ten dollars costs and disbursements.

---

Supreme Court, Columbia Special Term, April, 1897. Unreported.

In the Matter of the Application of HARDER to revoke the Liquor Tax Certificate of JAMES McNAMEE.

EDWARDS, J. This proceeding is brought for the revocation and cancellation of a liquor tax certificate upon the ground that the holder of such certificate did not procure the consent in writing of two-thirds of the owners of the buildings occupied exclusively for dwellings, situated within two hundred feet of the nearest entrance to the premises in which the traffic in liquor is carried on. There are two buildings occupied exclusively for dwellings, the nearest entrance to each of which is within two hundred feet to the nearest entrance of the defendant's saloon. Until the time when the application for a license was made, each of these two buildings had a single owner and the consent of both was then necessary to the procuring of a license. On the day on which the application for a license was made, the owner of one of these buildings conveyed an undivided interest in the same to his wife, and immediately thereupon he and his wife signed a consent in writing that traffic in liquors might be carried on in the defendant's premises. This conveyance of an undivided interest to the wife was evidently executed at the defendant's request, and

for the purpose of enabling him to procure the consent required by statute.

The question presented is whether the defendant has complied with the provisions of subdivision 8 of section 17 of chapter 112 of the Laws of 1896, which reads as follows: "When the nearest entrance to the premises described in said statement as those in which traffic in liquor is to be carried on is within two hundred feet of the nearest entrance to a building or buildings occupied exclusively for a dwelling, there shall also be so filed simultaneously with said statement a consent in writing that such traffic in liquors be so carried on in said premises during a term therein stated, executed by at least two-thirds of the owners of such buildings within two hundred feet so occupied as dwellings."

The determination of the question requires a judicial construction of the statute. In the interpretation of the statutes it is a settled and familiar rule that the intention of the Legislature should control. The legislative purpose in making a statute is the key to its proper construction. "It is a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter and the thing which is within the letter of a statute is not within the statute unless it be within the intention of the makers." Riggs v. Palmer, 115 N. Y. 509.

The obvious purpose of the enactment requiring the consent of two-thirds of the owners of buildings the nearest entrance of which is within two hundred feet to the nearest entrance of the building in which the traffic in liquor is to be carried on, is to protect the owners of dwellings and the families occupying the same, against the annoyances and baneful influences of the saloon. To effectuate this purpose it is evident that each building should be considered as a unit irrespective of the number of owners. If, in determining whether two-thirds of the owners have signed the consent, each owner of any undivided interest however small, in any one building, is to be counted, the beneficent purpose of the statute could almost invariably be defeated. If, within the prohibited distance of two hundred feet of the proposed saloon there are several buildings occupied by families exclusively for dwellings, all of the owners of which but one are opposed to the presence of the saloon, such opposition might easily be thwarted by a conveyance by the owner of the one building, of several minute interests therein to a sufficient

number of persons to constitute the two-thirds required by statute. It is quite clear that the statute must be so construed as to require the consent of the owner or owners of at least two-thirds of the total number of buildings occupied as dwellings within the two hundred feet. Only such an interpretation of the statute can effectuate the intention of the legislature.

A recent amendment of this section requires that the consent in writing be "executed by the owner or owners or by the duly authorized agent or agents of such owner or owners of at least two-thirds of the total number of such buildings within two hundred feet so occupied as dwellings." The manifest purpose of this change in the phraseology of the statute was to make the statute more clear and explicit. It is not a change of the legislative intent or the substance of the former statute but it is rather a legislative construction of the statute as it existed when the defendant's application for a certificate was made.

The prayer of the petitioner should be granted with costs, to be fixed on the settlement of the order at my chambers on the 29th day of April, at 3 o'clock in the afternoon.